Elliot Rosenberger (CA SBN 298837)
Law Office of Elliot Rosenberger
3435 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90010
Telephone: (310) 894-6921
Facsimile: (424) 270-2610
Email: elliot@rosenberger.law

B. Makoa Kawabata (CA SBN 300450)
Law Office of B. Makoa Kawabata
10866 Washington Boulevard #3000
Culver City, California 90232
Telephone: (213) 534-6446
Email: makoa@kawabata.law

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| David Lee, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Kimball, Tirey & St. John LLP,<br><br>Defendant. | Case No. 2:21-cv-4537<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF 15 U.S.C. § 1692d**<br><br>2. **VIOLATION OF 15 U.S.C. § 1692e**<br><br>3. **VIOLATION OF 15 U.S.C. § 1692f**<br><br>4. **VIOLATION OF 15 U.S.C. § 1692g**<br><br>5. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

## INTRODUCTION

1. For years, Defendant Kimball, Tirey & St. John LLP (**Defendant**) has sent letters to tenants of residential units owned or managed by Defendant's clients

1

COMPLAINT

160850

1 demanding payment of allegedly past-due rent without complying with the
2 consumer protection provisions of the federal Fair Debt Collection Practices Act, 15
3 U.S.C. § 1692 *et seq.* (**FDCPA**).

4   2. Defendant's website advertises, "We are adept at using sophisticated
5 negotiation techniques to collect on non-judgment accounts and are forceful when
6 using the authority of our law firm to collect on judgment cases." <[https://www.kts-
7 law.com/practice-areas/collection-division/](https://www.kts-law.com/practice-areas/collection-division/)>. Defendant boasts that its "forceful"
8 approach to debt collection has been extremely profitable: "We've recovered over
9 $200 million for our clients to date. Let Kimball, Tirey & St. John LLP handle your
10 recovery process, and take the guesswork out of debt collection. When you turn to
11 Kimball, Tirey & St. John LLP for your collection needs, you can rest assured that
12 your case will be handled in a manner that yields results yet reduces risk." *Id.*

13   3. As shown in Exhibit 1 to this Complaint, *infra*, Defendant's letters that
14 "yield[] results" also run directly contrary to the FDCPA's explicit requirements
15 that, *inter alia*, initial debt collection communications: include a statement that
16 Defendant is attempting to collect a debt and that any information obtained would
17 be used for that purpose, 15 U.S.C. § 1692e(11); include a statement that unless the
18 consumer disputes the validity of the debt within 30 days of receipt of the notice, the
19 debt will be assumed to be valid by the Defendant, 15 U.S.C. § 1692g(a)(3); contain
20 a statement notifying the recipient consumer of their right to request verification of
21 the debt, as well as the name and address of the original creditor, 15 U.S.C. §
22 1692g(a)(4)-(5); and "not overshadow or be inconsistent with" the consumer's right
23 to dispute the debt, 51 U.S.C. § 1692g(b).

24   4. Therefore, Plaintiff David Lee (**Plaintiff**) brings this putative class
25 action against Defendant to enforce his rights under the Fair Debt Collection
26 Practices Act (**FDCPA**), 15 U.S.C. § 1692 *et seq.*, as well as the rights of all those
27 similarly situated, and seeking a declaration by this Court that the Defendant's
28 initial debt collection communications violate the FDCPA.

## JURISDICTION, STANDING, AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Plaintiff has Article III standing to bring this action, as he seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016); *Lane v. Bayview Loan Servicing, LLC*, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016).

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

8. Plaintiff is a natural person who at all relevant times resided in the State of California and the County of Los Angeles and is allegedly obligated to pay a debt.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FAIR DEBT COLLECTION PRACTICES ACT

12. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

13. To protect consumers and ensure compliance by debt collectors, "the

FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

14. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

15. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

16. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**FACTUAL ALLEGATIONS**

17. Plaintiff's alleged financial obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes-namely, a personal residential lease (the **Debt**).

18. Defendant uses instrumentalities of interstate commerce or the mails in

160850

a business, the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. In the wake of the COVID-19 pandemic, the State of California enacted multiple renter protection measures, with the executive, legislative, and judicial branches all acknowledging the outsize impact of the dual public health and economic crises on renters. Executive Department State of California Executive Order N-28-20, <https://www.gov.ca.gov/wp-content/uploads/2020/03/3.16.20-Executive-Order.pdf> (March 16, 2020); Tenant, Homeowner, and Small Landlord Relief and Stabilization Act of 2020 (August 31, 2020); Senate Bill 91 (adopted January 29, 2021); Judicial Council of California, Emergency Rules 1-13 (adopted April 6, 2020, amended April 17, 2020; April 20, 2020; June 20, 2020; August 13, 2020; November 13, 2020.)

21. In spite of renter and consumer protection laws, landlords and their attorneys (including Defendant) have engaged in tactics designed to "put the landlord in a strong position to convince the tenant to move, or to enter into a payment agreement the tenant believes they must sign to avoid eviction." Blasi, Gary, UCLA Luskin Institute on Inequality and Democracy, *UD Day: Impending Evictions and Homelessness in Los Angeles* (May 28, 2020), available at <https://escholarship.org/uc/item/2gz6c8cv>, 12. Only a small proportion of tenants in eviction cases are represented by lawyers, *id*. at 11, and Defendant's Letter is one example of the tactics landlords-side attorneys have used to pressure renters in eviction cases.

22. In connection with the collection of the Debt, Defendant filed an unlawful detainer complaint (the **Unlawful Detainer Complaint**) against Plaintiff in the Los Angeles Superior Court on December 1, 2020, seeking possession of the premises, court costs, "past-due" rent of $2,441.00, forfeiture of the lease agreement, and accruing damages of $18.16 per day.

160850

23. In connection with the collection of the Debt, Defendant also sent Plaintiff an initial communication (**Defendant's Letter**) which reads as follows:

> Our firm has been retained to proceed with the eviction process. This process began with filing a lawsuit against you for Unlawful Detainer, attached hereto.
>
> This letter shall constitute Plaintiff's good faith attempt to initiate settlement of this action pursuant to paragraph 2 of the attached November 13, 2019 Unlawful Detainer Third Amended Standing Order. If you desire to contact our firm with a reasonable settlement offer, please communicate in writing only outlining the terms of the proposed settlement. Said offer may be sent to our Office via facsimile to (213) 337-0080, via email to: info@kts-law.com or via U.S. Mail to the address indicated above.
>
> Please be advised that we will not postpone prosecution of this matter while awaiting a settlement proposal or while engaging in settlement discussions.

24. A true and correct copy of Defendant's Letter is attached as **Exhibit 1**.

25. Defendant's Letter was its initial communication to Plaintiff in connection with the collection of the Debt.

26. Pleadings are not considered "initial communications" under the FDCPA; however, where, as here, a debt collector includes a cover letter along with a pleading as its initial communication in connection with the collection of a debt, "[the] cover letter is not itself a 'formal pleading.' Thus, the cover letter could plausibly have been an initial communication separate from the pleadings, with which defendant was required to make the statutory disclosures." *Nikkel v. Wakefield & Assocs., Inc.*, No. 10-CV-02411-PAB-CBS, 2011 WL 4479109, at *6 (D. Colo. Sept. 26, 2011). Additionally, the FDCPA "permits the court to consider the state court pleading to the extent that the cover letter references the document such that a least sophisticated consumer would understand the letter to be in connection with the collection of a debt." *Martinez v. Dennis P. Block & Assocs., APC* (C.D.Cal. Dec. 14, 2020, No. 20-cv-6534 DDP (GJSx)) 2020 U.S.Dist.LEXIS

160850

249989, at *9.

27. Defendant's Letter makes reference to the Unlawful Detainer Complaint and uses the document as leverage to induce a settlement. Exhibit 1. "The letter's references to the unlawful detainer and use of the document as leverage to induce settlement of past due rent makes the unlawful detainer relevant to the issue of whether a least sophisticated debtor would understand the letter to be in connection with the collection of a debt." *Id*. Defendant's reference to the Standing Order does not permit it to flout the requirements of the FDCPA in Defendant's Letter. *Id*. ("Defendant cannot avoid liability under the FDCPA by pointing to a standing order of the Superior Court.")

28. 15 U.S.C. 1692g(b) requires that if a consumer disputes a debt within 30 days, the debt collector "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." However, Defendant's Letter expressly states that Defendant "will not postpone prosecution of this matter while awaiting a settlement proposal or while engaging in settlement discussions." Exhibit 1.

29. Defendant's Letter did not include the statement required by 15 U.S.C. § 1692e(11) that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

30. Defendant's Letter did not include the notices required by 15 U.S.C. §§ 1692g(a)(3)-(5).

31. Defendant did not send Plaintiff any other written correspondence including the notices required by 15 U.S.C. § 1692g(a)(3)-(5) within five days of its letter.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

33. Defendant's Letter is based on a template used by Defendant to send an

7
COMPLAINT

initial written communication to consumers after the filing of an unlawful detainer action seeking amounts for unpaid rent (the **Template**).

34. The Template does not disclose that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

35. The Template does not include the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

36. Defendant sent letters based on the Template to over 40 individuals in the State of California within the year prior to the filing of the original complaint in this matter where such letter was the initial written communication with the individual.

37. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> **All persons in California, to whom Defendant sent an initial written communication based upon the Template, beginning one year prior to the filing of this action, in connection with the collection of a consumer debt.**

38. The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

39. The class is averred to be so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

42. There exists a well-defined community of interest in the questions of

law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43. Plaintiff's claims are typical of those of the class he seeks to represent.

44. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47. Plaintiff is willing and prepared to serve this Court and the proposed class.

48. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the

class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF 15 U.S.C. § 1692d**

55. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

56. Congress enacted the FDCPA in order to eliminate "abusive debt

collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692e).

57. Among the protections in the FDCPA is the general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

58. "Violations of § 1692d involve 'tactics intended to embarrass, upset, or frighten a debtor.'" *Hoover v. Monarch Recovery Mgt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012) (quoting *Donatelli v. Warmbrodt,* 2011 WL 2580442, at *9 (W.D. Pa. June 28, 2011)).

59. Defendant violated 15 U.S.C. § 1692d by stating in Defendant's Letter that it "will not postpone prosecution of this matter while awaiting a settlement proposal or while engaging in settlement discussions," despite §1692g(b) requiring that if Plaintiff disputes the Debt or any portion thereof, that Defendant "cease collection of the debt, or any disputed portion thereof, until [Defendant] obtains verification[.]"

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 15 U.S.C. § 1692e

60. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

61. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

62. "A letter from a lawyer implies that the lawyer has become involved in

the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers." *Gonzalez v. Kay,* 577 F.3d 600, 604 (5th Cir. 2009) (quoting *Avila v. Rubin,* 84 F.3d 222, 229 (7th Cir.1996).

63. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

64. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

65. The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

66. The FDCPA "provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

67. Defendant violated 15 U.S.C. § 1692e because, *inter alia,* Defendant's Letter failed to disclose that Defendant was "attempting to collect a debt and that any information obtained will be used for that purpose" as required in an initial communication under 15 U.S.C. § 1692e(11), and conveyed a false sense of urgency by stating in Defendant's Letter that it "will not postpone prosecution of this matter

160850

while awaiting a settlement proposal or while engaging in settlement discussions," despite §1692g(b) requiring that if Plaintiff disputes the Debt or any portion thereof, that Defendant "cease collection of the debt, or any disputed portion thereof, until [Defendant] obtains verification[.]"

## THIRD CLAIM FOR RELIEF
## VIOLATION OF 15 U.S.C. § 1692f

68. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

69. The FDCPA "allows a court to sanction improper conduct the FDCPA fails to address specifically," (*Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)), and prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

70. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt, specifically by Defendant's Letter failing to include the required disclosures and by overshadowing and being inconsistent with the consumer's right to dispute the debt.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF 15 U.S.C. § 1692g

71. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

72. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

73. Congress adopted "the debt validation provisions of section 1692g" to

guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

74. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

75. "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

76. "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor." *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003); (citing *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 703 (D.N.D. 1980) ("communication must not be designed to 'evade the spirit of the notice statute, and mislead the debtor into disregarding the notice'").

77. "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . .." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

78. With respect to § 1692g(a)(4)-(5), "[t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016); *see also*

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b)."); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (explaining that a consumer can trigger the right to verification "only through written dispute").

79. Defendant failed to convey the disclosures required in an initial communication under 15 U.S.C. § 1692g(a).

80. Defendant further violated 15 U.S.C. § 1692g(a) by, *inter alia*, failing to send, within five days of its initial communication with Plaintiff, a written notice informing Plaintiff of his right to dispute the validity of the Debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.

81. Defendant's Letter also violated 15 U.S.C. § 1692g(b) by overshadowing and being inconsistent with Plaintiff's right to dispute the debt.

## FIFTH CLAIM FOR RELIEF

## DECLARATORY AND INJUNCTIVE RELIEF

82. Plaintiff repeats and realleges each preceding allegation as if set forth fully herein.

83. Plaintiff is entitled to a declaratory judgment and a determination that Defendant violated the FDCPA as alleged above. Plaintiff is similarly entitled to an order enjoining said acts.

///

160850

1 **PRAYER**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

A. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

B. Adjudging that Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g with respect to Plaintiff and the class he seeks to represent;

C. Awarding Plaintiff and the class he seeks to represent actual damages against Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);

D. Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000.00, pursuant to § 1692k(a)(2)(B)(i);

E. Enjoining Defendant from further violations of the FDCPA;

F. Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of each debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

G. Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action against Defendant pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

H. Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

///

I. Awarding such other and further relief as the Court may deem proper.

DATED: June 2, 2021          LAW OFFICE OF ELLIOT ROSENBERGER

By: /s/ Elliot Rosenberger
Elliot Rosenberger
Attorney for Plaintiff

DATED: June 2, 2021          LAW OFFICE OF B. MAKOA KAWABATA

By: /s/ B. Makoa Kawabata
B. Makoa Kawabata
Attorney for Plaintiff

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 2, 2021        LAW OFFICE OF ELLIOT ROSENBERGER

By: /s/ Elliot Rosenberger
Elliot Rosenberger
Attorney for Plaintiff

DATED: June 2, 2021        LAW OFFICE OF B. MAKOA KAWABATA

By: /s/ B. Makoa Kawabata
B. Makoa Kawabata
Attorney for Plaintiff

18
COMPLAINT